(Court of Common Pleas—Lucas Co., O.,—January. 6th, 1897).

## LEROY E. CLARK v. THE BOARD OF COUNTY COMMISSIONERS OF LUCAS COUNTY.

*Judgment Indexes.*
1. The clerk of the Court of Common Pleas is entitled to receive payment from the county under Sec. 1263 Rev. Stat., for services in continuing or keeping up the general indexes of judgments.

*Rate of fee.*
2. He is entitled to eight cents only for indexing a judgment without reference to the number of entries necessary to be made or the number of parties to the judgment, plaintiff or defendant.

*Pending suit indexes.*
3. He is not entitled to receive payment from the county under Secs. 1255, 1256 and 1257, Rev. Stat. for services in continuing or keeping up the pending suit indexes.

---

PUGSLEY, J.

This is an appeal from an order of the County Commissioners, rejecting certain claims against the county that were presented by the plaintiff, who is clerk of the courts. One claim is for fees in indexing judgments on the general indexes of judgments, direct and reverse, at the rate of eight cents for each time the name of each defendant is entered on the reverse index; the other claim is for fees in indexing pending suits and living judgments and executions on the pending suit indexes, at the rate of eight cents for each entry.

The services rendered for which these claims are made were not for making up the original indexes, but for continuing or keeping them up; and for all these services fees are charged by the clerk to the litigants as part of the costs in each case. The question submitted is, whether, under the law, he is also entitled to compensation for the same services from the county treasury. The Circuit Court for the first circuit passed upon similar claims in the case of The Commissioners of Butler Co. v. Welliver, 12 C. C. Rep. 440, and that decision will be followed in this case.

First, as to the claim for fees in indexing judgments on the general indexes; Judge Smith, in delivering the opinion of the Circuit Court, says on page 443:

"We are of the opinion that item 26, for general index of 147 cases, of judgments in Common Pleas, is payable from the treasury under the provisions of Sec. 1263, which allows the clerk for making up and completing general indices direct and reverse of all judgments, eight cents for each cause; that the law does not limit this payment to cases under Sec. 5339, which provides for the making of such index where it had not before been done. And though the clerk does receive pay for this service also from litigants, it may well be that the legislature intended the county also to assist in keeping it up after it is once made up. It is not entirely clear that this is so, but we are disposed to so hold in this case."

After carefully examining the legislation on this subject, I feel reasonably certain that a proper construction of the laws as they now exist sup-

ports the decision rendered. Sec. 5339 Rev. St. requires the clerk to keep an index direct and reverse of all judgments, and specifies the manner in which it is to be kept.    Substantially the same provision was in force for many years prior to the revision of 1880. On May 1st, 1852, (Laws of 1852, p. 218), an act was passed which in Sec. 8 provides that the clerk shall receive from the county treasury a certain fee for making up and completing general indexes of all judgments and decrees. This act was repealed by the act of May 1st, 1854, (Laws of 1854, p. 117), which in Sec. 5 made a similar provision for compensation to the clerk, payable out of the treasury.    The said fifth section of the act of May 1st, 1854, was repealed by the act of May 1st, 1862, (Laws of 1862, p. 116), and no provision was made in place of it for compensating the clerk from the county treasury for indexing judgments.    The law remained in that condition until April 13, 1865, when an act was passed (Laws of 1865, p. 150), which in Sec. 5 re-enacted the old provision as to compensating the clerk out of the county treasury for making up and completing general indices of judgments.    This last provision has continuously, since the act of April 13, 1865, remained in force up to the present time, in substantially the same form, with the exception of the rate or amount of the fee, which as been twice changed since said act.    The provision is now contained in Sec. 1263 Rev. St., which reads as follows: "The clerk shall receive from the treasurer * * * for making up and completing general indexes, direct, and reverse of all judgments, final orders, and decrees, eight cents for each cause." As already stated, between May 1st, 1862, and April 13, 1865, there was no law giving to the clerk any compensation payable out of the county treasury for indexing judgments; but during this interval, viz:    On April 14, 1863, an act was passed (Laws of 1863, p. 114), Sec. 1 of which reads as follows:    "The clerks of the several courts shall receive for their services, for making up and completing general indexes, direct and reverse, of all judgments, final orders, and decrees, fifteen cents for each case so indexed, the same to be taxed in the costs of the suit." This was the first provision for charging to litigants services rendered in indexing judgments; and this act of April 14, 1863, remained in force without change until the revision of 1880. Sec. 1260 of the revision, which fixes the fees of the clerk that are taxable in the costs, contains this provision: "The clerk shall receive * * for indexing judgments and final orders, for each case, fifteen cents." It thus appears that from April 13, 1865, down to the revision of 1880, the acts of April 14, 1863, and April 13, 1865, were both in force; the former allowing the clerk a fee for making up and completing general indexes of judgments which is taxable in the costs of the case, and the latter allowing a fee for making up and completing general indexes of judgments which is payable out of the county treasury. The same language is used in both acts to designate the service rendered, viz: "for making up and completing the general indexes of judgments."

There is very little doubt that while the provision as to receiving compensation from the treasury was alone in force, the clerk was entitled to receive from the treasury the prescribed fee for services in continuing or keeping up the indexes. The same language being retained, whether advisedly or not, it must receive the same construction.    The mistake, if one was made, was in retaining the act of April 14 1863 after re-enacting the provision for compensating the clerk from the county treasury, or else in not limiting the latter provision to services in making new or original indexes.    If at the time of the revision, the two acts, when fairly construed, entitled the clerk to compensation from the treasury as well as from litigants; then upon well-settled rules, they must receive the same construction when incorporated into the revision.

Upon this branch of the case a question remains, which is of some importance, as to the method of computing the fee that is allowed. The language of Sec. 1263 Rev. Stat. is: "For making up and completing general indexes, direct and reverse, of all judgments, final orders, and decrees, eight cents for each cause." The plaintiff contends that he is entitled to a fee of eight cents for each time the name of a defendant is entered on the reverse index. For example, in the case of a judgment to which there are three plaintiffs and three defendants, his practice is to enter the name of each defendant three times, thus making nine times in all; and for this service he claims a fee of seventy-two cents. On the other hand, it is contended by the defendants that for all the work done in a suit on the judgment index, he is entitled to only one fee of eight cents. The report of the decision in the Circuit Court case does not show affirmatively that this question was passed upon. Still it may have been. The court allowed item 26, which, according to the journal, was "For general index of 147 cases, Common Pleas, $11.76." That is only eight cents for the indexing in each case. But it appears that this was all that the clerk claimed, and it does not appear in the decision or in the journal entry that any of the judgments indexed had more than one plaintiff and defendant. I am clearly of the opinion, that for indexing a judgment the clerk is entitled to only eight cents, no matter how many parties to the judgment there are. He is to be paid for all the work necessary in completing the general indexes of judgments eight cents for each cause. If the word "cause" means "action" or "suit," as seems probable, then he is entitled to only eight cents for all work done on the general indexes in such action or suit; but if it means each case, in the sense of each case or instance of indexing, the same result would follow, because the thing to be indexed is the judgment. This is an entirety, and cannot be divided into parts, and a charge made for each part. The language cannot be construed to mean eight cents for each entry, or for each plaintiff or each defendant. It is the indexing as a whole that it is to be paid for.

It is said that in many cases such a fee is wholly inadequate compensation; and undoubtedly that is true; but as all understand, the remedy is not with the courts, but with the legislature.

The claim of the plaintiff is for indexing 3706 individual judgments, so-called, in 675 suits, from April 1, to September 14, 1896. The words "individual judgments," as explained by the evidence, mean the entries of the names of the individual judgment defendants on the judgment index reverse, and do not mean what would ordinarily be understood by the words. In this connection I will say that more labor is performed by the clerk in indexing judgments than seems to be required. In the case supposed, of a judgment where there are three plaintiffs and three defendants, instead of nine entries of the names of the parties on each index, in my opinion, only three are necessary. By separately indexing the names of the three defendants on the judgment index reverse, and separately indexing the names of the three plaintiffs on the judgment index direct, and entering the other particulars required by Sec. 5339, the index, I should say, would be complete.

Under the ruling of the court, the plaintiff is entitled on his first claim to eight cents each for 675 cases, and no more.

Next as to the claim for services on the pending suit index. Judge Smith, in the Circuit Court decision already referred to, says on page 443: "We see no warrant for items 28 and 29 as against the county." That is all that is said; but as shown by the entry of the judgment of the court upon the journal, a certified copy of which has been furnished me, item 28 is, "Indexing pending suits, $11.84; indexing living judgments, $9.28."

And both of these items were disallowed. With that statement I might stop, but I have examined the legislation on the subject, and will give a brief history of it. The first act providing for a pending suit index was passed February 13, 1866 (Laws of 1866, p. 10). It authorized the commissioners of certain counties, not including Lucas county, to contract for the making of pending suit indexes, and to pay therefor resonable compensation, not exceeding fifteen cents for each suit so indexed. That act was repealed by the act of April 9, 1878, (Laws of 1878, p. 103). That was the first law on this subject applicable to Lucas county. The act of 1878 was incorporated in the Revised Statutes as Secs. 1254, 1255, 1256 and 1257. These sections provided for making indexes of pending suits and living judgments every three years, but made no provision for continuing these indexes. Sec. 1257 is as follows: "The clerk shall receive the same fee for making such indexes as is provided by law for making indexes to judgments." By the act of March 24, 1881, (Laws of 1881, p. 88), Sec. 1254 was repealed. Sec. 1255 was amended by combining pending suits and living judgments in one index. Sec. 1256 was amended so as to read as follows:

"The index * * * shall be made up within six months from the passage of this act, and thereafter all new suits shall be so indexed at the time of filing the petition, and all judgments at the time of the rendition, revival, or the filing of a transcript thereof."

Sec. 1257, as to compensation, remained without change. All these sections were repealed by the act of February 7, 1885, (Laws of 1885, p. 39). On February 8, 1889, (Laws of 1889, p. 26), Secs. 1255 and 1256, as amended March 24, 1881, and Sec. 1257, as it stood in the revision of 1880, were re-enacted, and these sections, as so re-enacted, are still in force. The only amendment is one made in 1891 providing for a re-index of judgments, and applicable to Cuyahoga county alone. After the passage of the act of 1889, the clerk then in office in this county prepared a complete index as required by the act, and received compensation for the same from the county treasury. Since that time the work of indexing has been continued on that index, under the provisions of Sec. 1256. Now, whether Sec. 1257, providing for compensation, so far as the services in this case are concerned, refers to Sec. 1260 or Sec. 1263, or both sections, or to neither section, is a debatable question. It is involved in a good deal of uncertainty. Sec. 1257 has remained unchanged since the revision, although the services of continuing the index have since been provided for, and these are the services that are in question in this case. The section does not expressly require payment out of the county treasury, and speaks only of the "fee"—not "fees"—provided by law for making indexes to judgments. And the fee allowed by the section for the pending suit indexes is the fee for making such indexes, and not the fee for making and continuing or completing such indexes. I think much can be said in favor of either view, but the Circuit Court in the case referred to having decided that such services are not a claim against the county, it is my duty to follow that decision, and to render the same judgment in this case as to the second claim.

Judgment in the case will be in favor of the plaintiff on his first claim as heretofore stated.

C. W. Everett, Attorney for Plaintiff.

J. A. Barber and O. W. Nelson, Attorneys for Defendants.